UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK PONIEWIERSKI,

        Plaintiff,

v.                                            CIVIL CASE NO. 05-72431
                                             HON. MARIANNE O. BATTANI

UNUM LIFE ASSURANCE COMPANY
OF AMERICA, INC.,

        Defendant.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR
JUDGMENT ON THE ADMINISTRATIVE RECORD AND GRANTING
DEFENDANT'S MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD**

**I.   INTRODUCTION**

Before the Court are Plaintiff's and Defendant's Cross Motions for Judgment on the Administrative Record (Doc. ## 10 & 11). Unum denied Poniewierski disability benefits because his Short-Term Disability policy did not cover work related injuries or sickness. Poniewierski asserts that he is entitled to benefits under the Long-Term policy, and that Unum's decision to handle his claim as one for short-term benefits was an arbitrary and capricious decision.

Poniewierski began working for Progressive Tool & Industries ("Progressive") in 1992 as a welder and pipefitter. Poniewierski was a participant in both a Short-Term, policy number 47107, and Long-Term Disability, policy number G-25473, group insurance plan underwritten and administered by Unum. On August 26, 1999, while employed by Progressive, Poniewierski fell to his knees after attempting to lift steel pieces from a rack. As a result of that accident,

Poniewierski sustained injuries to his lower back and knees. Poniewierski filed a claim for disability benefits on January 28, 2000. Admin. R., at 17. In his claim, he stated that, "while lifting steel I fell at work on 8-26-99." Id., at 16. The claim form identified policy number 47107 as the policy that Poniewierski was claiming an entitlement to benefits. Id. Under the employer certification portion of the application, the employer also identified policy number 47107 as the applicable disability policy. Id., at 18. Further, Progressive faxed a copy of the application in order to expedite the process, and identified policy number 47107 as the policy that Poniewierski was claiming eligibility for benefits. Id., at 19.

Poniewierski also filed for Workers' Compensation Benefits. A magistrate denied his application on March 4, 2002. That decision was appealed and upheld by the Michigan Worker's Compensation Appellate Commission.

Unum denied Poniewierski's claim for benefits in a letter dated February 8, 2000. Id., at 2. According to the letter, Unum denied benefits because the information provided by Poniewierski and his physician indicated that his condition was a result of a work-related injury. Id. Because the Short Term Disability Plan ("STD") did not cover injuries caused by, or contributed to, the employee's work, Unum denied his claim. Id. The letter informed him that if he wished to administratively appeal that decision, he must file a written appeal within ninety days. He did not do so. Id. Instead, five and a half years later, he filed this suit.

## II.     STANDARD OF REVIEW

The Sixth Circuit has held that resolving ERISA actions challenging a denial of benefits on motions for summary judgment is improper. Wilkins v Baptist Healthcare Sys., Inc., 150 F.3d 609 (6th Cir. 1998). Rather, courts are "to conduct a 'de novo' or 'arbitrary and capricious

review' based solely upon the administrative record and render 'findings of fact' and 'conclusions of law' accordingly." Id., at 618-19.  In so doing, the district court is "confined to the record that was before the Plan Administrator.  *See* Perry v. Simplicity Engineering, 900 F.2d 963, 966 (6th Cir. 1990); *see also* Rowan, 119 F.3d at 437."  Id. at 615.

"In Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115, 109 S. Ct. 948, 103 L. Ed.2d 80 (1989), the Supreme Court stated that an administrator's decision to deny benefits is reviewed under a *de novo* standard unless the plan provides the administrator with 'discretionary authority to determine eligibility for benefits or to construe the terms of the plan.'"  Hoover v. Provident Life and Acc. Ins. Co., 290 F.3d 801, 807 (6th Cir. 2002).  Because of the use of the disjunctive "or," if a plan provides an administrator with discretion to determine either eligibility for benefits, or discretion to construe the terms of the plan, then the administrator's decision will be reviewed under the arbitrary and capricious standard.  In other words, as long as the plan grants the administrator discretion in either area, then the deferential standard will be employed.  A plan administrator's decision will be upheld under the deferential arbitrary and capricious standard if that decision is "rational in light of the plan's provisions."  University Hosp. v. Emerson Elec. Co., 202 F.3d 839, 846 (6th Cir. 2000).  "[W]hen it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary or capricious."  Davis v. Kentucky Fin. Cos. Retirement Plan, 887 F.2d 689, 693 (6th Cir. 1989).

However, because the policy in question does not purport to grant the administrator discretion when determining eligibility for benefits or discretion to construe the terms of the

plan, the administrator's decision to deny benefits will be reviewed under a *de novo* standard.[1]

### III. ANALYSIS

#### A. Unum's Decision Was Proper

Poniewierski contends that the decision to deny him benefits was arbitrary and capricious for two reasons. First, he contends that the decision to deny LTD benefits was arbitrary and capricious because the LTD plan clearly provides benefits regardless of whether the disability was work related or not. Second, he contends that the decision to deny LTD benefits was arbitrary and capricious because the Michigan Worker's Compensation Appellate Commission ruled that his disabling injuries were not work-related.

Before reaching the merits of Poniewierski's arguments, the Court must first resolve the dispute over whether he ever filed for LTD benefits. Unum maintains that Poniewierski has never filed for LTD benefits, but instead, filed for STD benefits.

"When applying a de novo standard in the ERISA context, the role of the court reviewing a denial of benefits 'is to determine whether the administrator . . . made a correct decision.'" Hoover v. Provident Life and Acc. Ins. Co., 290 F.3d 801, 808-9 (6th Cir. 2002)(quoting Perry v. Simplicity Eng'g, 900 F.2d 963, 967 (6th Cir. 1990)). Likewise, under the *de novo* standard, the administrator's decision is accorded no deference or presumption of correctness. Id., at 809. "The review is limited to the record before the administrator and the court must determine

---

[1] Poniewierski contends the administrator's decision was arbitrary and capricious, however, Unum does not point to, or contend that, any language in the LTD or STD plans grants the administrator any discretion in construing the plans. Likewise, the Court is not aware of any language in the plans that grants the administrator such discretion.

whether the administrator properly interpreted the plan and whether the insured was entitled to benefits under the plan." Id. Reviewing Unum's decision to construe Poniewierski's application as a claim for STD benefits under the *de novo* standard and based on the administrative record, the Court finds that Unum's decision is fully supported by the record. The Court notes that Poniewierski's application for benefits identified the STD policy twice; once by Poniewierski himself and once by his employer. Moreover, in order to expedite his claims, his employer also faxed a copy of his application. In the fax cover sheet, the employer once again identified the STD policy number as the policy that he claimed as the basis of his eligibility for benefits. Further, as mentioned above, in his application he stated that, "while lifting steel I fell at work on 8-26-99." Admin. R., at 16.

Poniewierski points to no evidence in the record that would support a finding that he filed for LTD benefits. He admits that the benefits claim identified in the Administrative Record is the application this suit is based on, but maintains that the decision to construe his application as an application for STD benefits, and deny benefits, is not supported by any documents or his intent. Pl.'s Resp. Br., at 4. The only evidence, or lack thereof, that could possibly support his position is the fact that the cover sheet of his application is missing.[2] Even accepting his contention that the missing cover sheet would support his position, the Court finds Unum's decision to construe his application as one for STD benefits was correct because the

---

[2] The cover sheet of the application includes a box for the claimant to fill in order to identify the basis for the claim or other administrative action; e.g., LTD, STD, or waiver of premium.

overwhelming weight of the evidence in the record indicates that Poniewierski filed for benefits under the STD policy.

Next, the Court finds that Unum's decision to deny STD benefits is fully supported by the record. The STD policy in question clearly does not cover injuries or sickness caused, or contributed to, by the employee's work. In his application Poniewierski he stated that, "while lifting steel I fell at work on 8-26-99." Admin. R., at 16. Further, Dr. Spitzer noted in his office notes that Poniewierski had been on disability leave "following an incident where he was lifting a large piece of steel and both of [sic] knees 'gave way' and he fell injuring his knees." Id., at 10. The record also indicates that after a review of Poniewierski's medical records, the triggering event of his disability claim was when he fell to his knees at work. Id., at 5. The review also indicated that his past medical exams were normal, and that he was scheduled to return to work. Id. The record supports a finding that he filed for benefits after falling at work. The record does not establish any basis that Poniewierski's claimed disability stemmed from any cause outside of his employment.

Poniewierski has submitted his denial of Worker's Compensation benefits both by the magistrate and the Appellate Commission. However, because those documents are not part of the administrative record, nor does he allege a "lack of due process afforded by the administrator or alleged bias on its part[,]" the Court will not consider those documents in its decision. Wilkins v. Baptist Healthcare System, Inc., 150 F.3d 609, 619 (6th Cir. 1998). Further, the Court notes that the decisions to deny worker's compensation benefits were based on Poniewierski's failure to establish that his fall at work caused a disabling condition. However, the decisions do not stand for the proposition that his alleged disabling condition was caused by

6

an incident or incidents outside the workplace or that his alleged disabling condition was not caused by an injury caused, or contributed to, by his job. Pl.'s Br., Ex. B. Therefore, the Court will not reverse the administrator's decision to deny STD benefits because those benefits are not available when the claimant's work causes, or contributes to, the claimant's injury.

To the extent Poniewierski's complaint is premised on a claim for LTD benefits, it is also dismissed. The Court has determined that Unum's decision to construe Poniewierski's application as a claim for STD benefits is fully supported by the record. As a necessary corollary to that holding, the Court finds that Poniewierski never sought LTD benefits from Unum. Poniewierski cannot now ask the Court to award benefits he has never applied for from the insurance company. Nor can the Court determine whether a decision to deny LTD benefits was appropriate before that decision is made, and Poniewierski has administratively exhausted his remedies.

### B.     Administrative Exhaustion

The Sixth Circuit has held that "[t]he administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit." Miller v. Metropolitan Life Ins. Co., 925 F.2d 979, 986 (6th Cir. 1991); Baxter v. C.A. Muer Corp., 941 F.2d 451, 453-54 (6th Cir. 1991). "This is the law in most circuits despite the fact that ERISA does not explicitly command exhaustion." Ravencraft v. UNUM Life Ins. Co. of Am., 212 F.3d 341, 343 (6th Cir. 2000). Despite the fact that Poniewierski was explicitly put on notice that he could appeal Unum's decision to deny benefits, he did not seek further review of his claim. Admin. R., at 2. Regardless of whether he believed Unum's decision to deny STD benefits was incorrect because he intended to apply for LTD benefits or he felt entitled to STD benefits, he

7

was required to exhaust his administrative remedies before commencing suit.[3]  Further, because the time to seek administrative review of the decision has long since passed, his complaint is dismissed with prejudice.  See Hagen v. VPA, Inc., 428 F.Supp. 2d 708, 713 (W.D. Mich. 2006).

### C. Statute of Limitations

ERISA "provides no statute of limitations for section 1132(a)(1)(B) actions and that in the absence of a federally mandated statute of limitations, the court should apply the most analogous state law statute of limitations."  Meade v. Pension Appeals and Review Comm., 966 F.2d 190, 194-95 (6th Cir. 1992).  Consistent with other circuits that have addressed this issue, the Sixth Circuit has found that "such claims are governed by the most analogous state statute of limitations, which is that for breach of contract."  Santino v. Provident Life and Acc. Ins. Co., 276 F.3d 772, 776 (6th Cir. 2001).  The Michigan breach of contract statute of limitations is six years.  MICH. COMP. LAWS ANN. § 600.5807(8) (2000).  However, "Michigan courts have held that insurance contracts may contain shorter statutes of limitations."  Santino, 276 F.3d at 776 (citing Tom Thomas Org., Inc. v. Reliance Ins. Co., 242 N.W.2d 396, 397 (Mich. 1976).  Regardless of whether Poniewierski seeks LTD or STD benefits, his cause of action is barred by the statute of limitations contained in the LTD and STD policies.  As in Santino, "[t]he policies require [Poniewierski] to bring any claim within three years of his written proof of loss."  Id.  Unum informed Poniewierski of its disability benefit eligibility determination on February 8, 2000.  Admin. R., at 2.  However, Poniewierski failed to bring his

---

[3] Poniewierski does not contend that "he was not required first to exhaust his administrative remedies before filing suit because his pursuit of such remedies would have been futile."  Ravencraft, 212 F.3d at 343, see also Springer v. Wal-Mart Assocs.' Group Health Plan, 908 F.2d 897, 899 (11th Cir. 1990).

lawsuit until June 20, 2005, over two years too late.  Therefore, his lawsuit is time barred.

**IV.   CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Judgment on the Administrative Record is **DENIED**.  It is **FURTHER ORDERED** that Unum's Motion for Judgment on the Administrative Record is **GRANTED**.

          s/Marianne O. Battani
          MARIANNE O. BATTANI
          UNITED STATES DISTRICT JUDGE

DATED: **August 17, 2006**

**CERTIFICATE OF SERVICE**

Copies of this Order were served upon Greg M. Liepshutz, and K. Scott Hamilton on this date by ordinary mail and/or electronic filing.

          s/Bernadette M. Thebolt

          DEPUTY CLERK